

Douglas M. Whatley
Chapter 7 Trustee
P.O. Box 538
Folsom, CA 95763-0538
(916) 358-9345

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

In re:

MONCHATRE, JEANNE MICHELLE,

Debtor.

Soc. Sec. No.: XXX-XX-9223

Case No.: 17-26894
Chapter 7
Docket Control No.: DMW-01

Judge: Christopher M. Klein
Date: July 24, 2018
Time: 9:30 AM
Place: 501 "I" Street, 6th Floor
Department C - Courtroom 35

**TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT**

TO THE UNITED STATES TRUSTEE AND ALL OTHER PARTIES IN INTEREST:

## MOTION

Pursuant to FRBP 9019(a) & LBR 9014–1(f)(1), Trustee moves this Court for an Order Granting Trustee's Motion for Approval of Settlement.

## HISTORY

The essential facts necessary for the Court to determine whether to grant the motion are:

1) On or about October 18, 2017, Debtor filed a Chapter 13 Bankruptcy, case number 17-26894. The matter was converted to a Chapter 7 Bankruptcy on November 1, 2017.

2) The Debtor is represented by Gary Fraley, Esq.;

---

In re: Monchatre

Motion & P&A in Support of Trustee's Motion for Approval of and Settlement

17-26894

Page 1 of 4

3) I, Douglas M. Whatley, was appointed as Chapter 7 Trustee on the date of conversion.

4) The Debtor listed on schedule A an interest in two real properties. The first located at 6101 Starkes Grade Road, Pollock Pines, CA 95726 was valued at $269,000.00 with a secured lien with Seterus Inc. in the amount of $159,166.41. The second property located at 1124 Modoc Way, Meyers, CA 96150, a rental property, was valued at $210,000.00 and has a secured lien with Chase Mortgage in the amount of $134,674.23. The combined equity in these properties is approximately $175,000.00.

5) Debtor is using the 703 series of exemptions and has applied $26,800.00 toward the equity in these properties leaving approximately $148,200.00 as non-exempt equity.

6) The government claims bar date ran on April 16, 2018. The total of all claims filed is $1,499.96, administrative fees are $374.99 and costs of $187.94 for a total of $2,062.92.

7) On May 23, 2018, I informed the Debtor regarding the above information and she offer to resolve this matter for an immediate payment of $2,100.00. Any residual funds would be returned to the Debtor.

## THE SETTLEMENT

Trustee proposes that Debtor pays $2,100.00 to the Bankruptcy estate of Monchatre, Michelle to settle *all claims and administrative fees and costs* to resolve this matter.

## TRUSTEE'S POSITION

Trustee believes that the settlement is in the best interest of the estate because all creditors and fees and costs of administration will be paid in full by the proposed settlement amount. The sale of the personal residence and/or rental property of the Debtor would not yield a higher return to the creditors in this matter as they will be fully satisfied by this agreement. The costs to the Debtor to sell one of the real properties listed above would be excessive compared to the amount of claims filed in her case.

## DEBTOR'S POSITION

Debtor is in complete agreement with the Trustee in the proposed settlement amount and acknowledges that all creditors, and administrative fees will be paid in full from the proposed settlement proceeds.

## POINTS AND AUTHORITIES

The essential authorities necessary for the Court to determine whether to grant the motion are:

**Jurisdiction** for this matter is provided by Title 28 U.S.C. §1334.

**Authority** for granting Trustee's Motion for Approval of Compromise and Settlement is FRBP 9019(a) which states:

> (a) *Compromise.* On motion by the trustee and after notice and hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

In exercising the authority of the Court, the Court must determine whether a proposed settlement is fair and equitable. A determination of fair and equitable in turn requires the Court to compare the settlement with the likely results of litigation. The proponents of the compromise must prove that, taking into account the complexity, expense, and likely duration of litigation, and all other factors relevant to it, as well as an objective probability of ultimate success, the compromise is fair and equitable. See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson 390 U.S. 414, 424-425, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). The Court has wide latitude in making that determination, but must consider:

a) The probability of success in the litigation;

b) The difficulties, if any, to be encountered in the matter of collection;

c) The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;

d) The paramount interest of the creditors and a proper deference to their reasonable views in the premises. In re A&C Properties, 784 F.2d 1377, 1391 (9th Cir. 1986) cert. denied sub nom Martin v. Robinson, 107 S.Ct. 1989 (1986); see also In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988).

After considering these factors, the Court need only conclude that the settlement does not fall below the lowest bound of reasonableness. In re Hydronic Enterprise, Inc., 58 B.R. 363 366 (Bankr. D.R.I. 1986). The Court's decision is a discretionary one and the burden of proof and persuasion are on the proponent of the settlement to show that it is fair and equitable. In re A&C Prpoerties, supra, 784 F.2d at 1381.

In this case, good cause exists for granting Trustee's Motion for Approval of the Settlement based on the reasons outlined above and in the Trustee's declaration. By approval of the settlement all creditors and administrative fees and expenses will be paid in full. No further gain would be obtained from the forced sale of the either of the Debtor's Properties.

**WHEREFORE**, Trustee prays for an Order granting Trustee's Motion for Approval of Settlement and such other relief as may be just.

Dated: 6/7/18

Douglas M. Whatley
Chapter 7 Trustee

---

In re: Monchatre

17-26894

Motion & P&A in Support of Trustee's Motion for Approval of Settlement

Page 4 of 4